UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

E.I. DU PONT DE NEMOURS
AND COMPANY,

                    Plaintiff,

        v.

REPRESENTATIVES OF EQUIPMENT, PRODUCTS &
SERVICES, INC.

                    Defendant.

------------------------------------------------------------- x

**JUDGE DANIELS**

**07 CIV 4146**

CIVIL ACTION NO.:

JURY TRIAL DEMANDED

RECEIVED MAY 29 2007 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

Plaintiff, E.I. du Pont de Nemours and Company ("DuPont") for its Complaint against defendant Representatives of Equipment, Products & Services, Inc. ("R.E.P.S., Inc.") alleges as follows:

### Nature of Action

1. This is an action for trademark infringement, trademark counterfeiting, unfair competition, trademark dilution and other related causes of action under federal, state and common law arising from the unauthorized use by defendant of DuPont's famous TEFLON® mark.

### The Parties

2. DuPont is a Delaware corporation with a principal place of business at 1007 Market Street, Wilmington, Delaware 19898.

3. DuPont is a science company engaged in the development, manufacture, sale and distribution of a wide variety of products and ingredients in the United States and throughout the world.

NYIWDMS: 10022185_1

4. Upon information and belief, defendant R.E.P.S., Inc. is a Texas corporation with places of business at 1080 W. Sam Houston Parkway, Suite 130, Houston, Texas 77043 and 12029 Naughton, Houston, Texas 77024.

5. Upon information and belief, defendant is engaged in the promotion and sale of various products in the United States including this District at its business location and through its website at www.repswebpage.com.

## Jurisdiction and Venue

6. Jurisdiction of this Court is based on 28 U.S.C. §1332(a)(1) (Diversity Jurisdiction), 28 U.S.C. §1338(a) and (b) (Acts of Congress relating to trademarks and related actions), Sections 39 and 43(a) and (c) of the United States Trademark Act of 1946 ("Lanham Act"), as amended (15 U.S.C. §1121 and 1125(a)(c)), and 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction. The amount in question exceeds $75,000.

7. Venue is proper in this district under 28 U.S.C. §1391(b) and (c).

## DuPont's Use and Ownership of the TEFLON® Mark

8. In the late 1930's, DuPont discovered a method to polymerize tetrafluoroethylene to form a fluoropolymer compound known as polytetrafluoroethylene ("PTFE"). PTFE is both slippery and chemically inert making it ideal for use in a wide variety of different products.

9. In approximately 1944, DuPont adopted and began to use the fanciful name and mark TEFLON® ("TEFLON® Mark") for its PTFE products and began to sell TEFLON® brand PTFE directly to manufacturers and others for use in a wide variety of products.

10. DuPont TEFLON® fluoropolymer products have been a tremendous commercial success. Since 1944, DuPont has generated millions of dollars in revenue from the sale of TEFLON® products and the licensing of the TEFLON® Mark.

11. DuPont and its related companies have spent millions of dollars in the advertising and promotion of the TEFLON® Mark and the products sold under the TEFLON® Mark.

12. As a result of the quality of the DuPont TEFLON® fluoropolymer products and the extensive sales, licensing and marketing, advertising and promotion of these products under the TEFLON® Mark by DuPont and its related companies, the TEFLON® Mark has become a famous trademark that is widely and favorably known by consumers in the United States and elsewhere as designating high quality and dependable products originating exclusively from DuPont and its related companies.

13. The TEFLON® Mark has been famous in the United States and elsewhere since long prior to the acts complained of herein.

14. DuPont is the exclusive owner of a number of United States Trademark Registrations for the TEFLON® Mark for a variety of products and ingredients dating back to 1946. These registrations include: a) Reg. No. 418,698 for the mark TEFLON® for "synthetic resinous fluorine-containing polymers in the form of molding and extruding compositions, fabricated shapes - namely, sheets, tubes, tape and filaments, and emulsions"; b) Reg. No. 559,331 for TEFLON® for "polytetrafluoroethylene coatings in the nature of paints and varnishes"; c) Reg. No. 623,605 for TEFLON® for "fibers and filaments in the nature of threads and yarns adapted to be used in making fabrics"; d) Reg. No. 676,166 for TEFLON® for "films or sheets made from polymers of fluorinated

hydrocarbons for use in packaging applications, in electrical and non-electrical insulation, as protective liners for containers and equipment, in tapes, in machinery parts, in covering, coating, and packing substances, in hose and piping, and for general use in the industrial arts"; e) Reg. No. 827,105 for TEFLON® for "coatings in the nature of paint, based on fluorine-containing resins"; f) Reg. No. 835,374 for TEFLON-S® for "stratified non-stick and self-lubricating finishes for use as industrial and consumer product coatings for bearings, idler rolls, ceramic resistors, hand saws, lawn and garden tools, and the like"; g) Reg. No. 1,111,147 for TEFLON® for "chemical compound in the nature of a textile finish with oil, water, and stain repellant characteristics"; and h) Reg. No. 1,592,650 for TEFLON® for "fluorine-containing polymers in resin and dispersion form for use as additives in inks, plastics, lubricants, coating, and other host materials where attributes such as lubricity, friction reduction, nonstick, and temperature and chemical resistance are desired".

15. All of the above-identified registrations remain in full force and effect and are *prima facie* proof of DuPont's exclusive rights to own and use the TEFLON® Mark. In addition, all of the above registrations are incontestable pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065).

### Misuse By Defendant of the TEFLON® Mark

16. Upon information and belief, defendant offers for sale and sells some products in connection with the TEFLON® Mark that do not contain genuine DuPont TEFLON® fluoropolymer or otherwise are not authorized to be sold under the TEFLON® Mark ("Unauthorized Products").

17. Upon information and belief, notwithstanding the lack of authorization from DuPont and the fact that said Unauthorized Products do not contain genuine DuPont fluoropolymer or otherwise are not authorized to be sold under the TEFLON® Mark, defendant has made repeated unauthorized use of the TEFLON® Mark in connection with said products, as described below, with the intent to mislead and confuse consumers into believing that said Unauthorized Products contain genuine DuPont fluoropolymer or that said Unauthorized Products are otherwise authorized or licensed by DuPont and with the intent of misappropriating, for its own benefit, the tremendous goodwill built up by DuPont in the TEFLON® Mark.

18. In particular, defendant has improperly used the TEFLON® Mark in its advertising and promotional materials for said Unauthorized Products as well as on its Internet website at *www.repswebsite.com* and otherwise has falsely stated or implied that said Unauthorized Products contain genuine DuPont fluoropolymer or that its use of the TEFLON® Mark is authorized or licensed by DuPont.

19. Upon information and belief, defendant also has used the TEFLON® Mark and variations thereon as "title," "keyword" or "content" metatags in connection with its website in an attempt to mislead the public and to attract and misdirect potential consumers using internet search engines searching the internet for genuine or authorized TEFLON® products to defendant's site.

20. Upon information and belief, the aforementioned misuse of the TEFLON® Mark by defendant was done by defendant with the intent of deceiving or misleading customers into mistakenly believing that said Unauthorized Products contained genuine or authorized TEFLON® products originating from DuPont or its related companies and

otherwise misappropriating the goodwill built up by DuPont in the TEFLON® Mark and otherwise attracting and misdirecting consumers looking for genuine or authorized TEFLON® brand goods to defendant's website.

21. Prior to commencing this lawsuit, DuPont and its representatives communicated directly with defendant and its representatives in an attempt to resolve this matter without the necessity of bringing this lawsuit, but defendant has refused to cease all unauthorized use of the TEFLON® Mark as requested by DuPont and continues to deliberately and intentionally use the mark without the consent of DuPont.

22. The misuse of the TEFLON® Mark by defendant was intended to cause, has caused and is likely to continue to cause consumer confusion, mistake or deception including the misleading of consumers into mistakenly believing that the defendant's Unauthorized Products contain genuine DuPont TEFLON® product or DuPont has authorized or licensed the use by defendant of the TEFLON® trademark for those products.

23. The aforementioned misuse of the TEFLON® Mark by defendant is damaging to the reputation and goodwill of the DuPont TEFLON® Mark and the DuPont TEFLON® Mark.

24. Upon information and belief, the aforesaid acts of defendant have caused and, unless enjoined will continue to cause irreparable damage to DuPont and to the reputation of its valuable TEFLON® Brand.

25. DuPont has no adequate remedy at law.

## COUNT I

### Trademark Infringement Under The United States Trademark Act (15 U.S.C. 1114 (1))

26.  DuPont repeats the allegations set forth in Paragraphs 1 through 25.

27.  The complained of acts constitute willful, deliberate and intentional infringement of plaintiff's federally registered trademarks for the TEFLON® Mark in violation of §32(1) of the Lanham Act (15 U.S.C. §1114(1)).

## COUNT II

### Trademark Counterfeiting Under The United States Trademark Act (15 U.S.C. 1114(1))

28.  DuPont repeats the allegations set forth in Paragraphs 1 through 27.

29.  The complained of acts constitute trademark counterfeiting in violation of Section 32(1) of the Lanham Act (15 U.S.C. §1114(1)).

## COUNT III

### False Designation Of Origin And Unfair Competition Under The United States Trademark Act (15 U.S.C. 1125(a))

30.  DuPont repeats the allegations set forth in paragraphs 1 through 29.

31.  The complained of acts constitute willful, deliberate and intentional false designations of origin as to products made available by defendant and unfair competition in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

NYIWDMS: 10022185_1

## COUNT IV

### False Descriptions Of Fact And Representations And False Advertising Under The United States Trademark Act (15 U.S.C. 1125(a))

32.  DuPont repeats the allegations set forth in paragraphs 1 through 31.

33.  The complained of acts constitute willful, deliberate and intentional false and misleading descriptions of fact, false and misleading representations of fact and false advertising in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

## COUNT V

### Trademark Dilution Under The United States Trademark Act (15 U.S.C. 1125(c))

34.  DuPont repeats the allegations set forth in paragraphs 1 through 33.

35.  The complained of acts have diluted and damaged the distinctive quality of DuPont's famous TEFLON® Mark and constitute trademark dilution of a famous mark in violation of §43(c) of the Lanham Act (15 U.S.C. §1125(c)).

## COUNT VI

### Trademark Dilution Under New York State Law New York General Business Law (Section 360-l)

36.  DuPont repeats the allegations set forth in Paragraphs 1 through 35.

37.  The complained of acts are likely to cause injury to the business reputation of or otherwise dilute the distinctive quality of the TEFLON® Mark in violation of §360-l of the New York General Business Law.

NYIWDMS: 10022185_1

## COUNT VII

### Common Law Trademark
### Infringement And Unfair Competition

38. DuPont repeats the allegations set forth in Paragraphs 1 through 37.

39. The complained of acts constitute trademark infringement, palming off, and unfair competition in violation of the common law of the State of New York.

WHEREFORE, plaintiff E.I. du Pont de Nemours and Company prays for judgment as follows:

1. That judgment be entered in favor of plaintiff on all causes of action set forth herein;

2. That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), plaintiff be awarded monetary damages sufficient to recover: 1) defendants' profits; 2) all damage suffered by plaintiff; and 3) the costs of this action and that said amount be trebled or otherwise multiplied to the extent permitted by statute. In addition, plaintiff reserves the right to elect statutory damages up to and including $1,000,000 per counterfeit mark pursuant to 15 U.S.C. 1117(c).

3. That plaintiff be awarded such other monetary damages, recovery and awards as appropriate under the law.

4. That defendant, its officers, directors, principals, agents, servants, affiliates, employees, attorneys, representatives, successors and assigns, and all those in privity or acting in concert or participation with defendant, and each and all of them, be preliminarily and permanently enjoined and restricted from directly or indirectly;

    (a) claiming or representing that any products sold by defendant contains genuine TEFLON® fluoropolymer products.

(b) Using, in any manner, or holding itself out as having rights to use, the TEFLON® Mark or any other name, mark or design confusingly similar to the TEFLON® Mark to designate, describe or refer to themselves or in conjunction with any product or service, including any use in conjunction with any Internet activities conducted by it or on its behalf such as any use as a domain name or in the text, graphics and hypertext metatags of any Internet website.

(c) Requesting or inducing Internet search engines to display links to the defendant's website or other websites displaying or promoting defendant's products when potential consumers using those search engines search for terms containing variations of the TEFLON® Mark.

(d) Selling, offering for sale, promoting, advertising, distributing or providing or offering to provide any goods or services in conjunction with the TEFLON® Mark or any other name, mark or design confusingly similar to the TEFLON® Mark in conjunction with any product.

5. Engaging in any course of conduct likely to cause confusion, deception or mistake or injure plaintiff's business reputation or dilute the TEFLON® Mark or appropriate the good will and reputation of said mark or lead to the passing off of defendant's products as TEFLON® products

6. That defendant be required to deliver to plaintiff all merchandise, packaging, labels, boxes, cartons, advertising, brochures, plates, molds, documents, advertising and promotional materials and other things, possessed, used or distributed by defendant, or on its behalf, which refer to the TEFLON® Mark or any other name, mark or design confusingly similar to the TEFLON® Mark;

7.  That plaintiff be awarded the costs of this action and its disbursements, and reasonable attorney's and investigatory fees incurred and as otherwise appropriate herein pursuant to 15 U.S.C. §1117 or other appropriate statute or law; and

8.  That plaintiff be granted such other monetary, equitable and further relief, as this Court may deem appropriate under federal, state and common law.

## DEMAND FOR JURY TRIAL

DuPont hereby demands a jury trial on all issues.

CROWELL & MORING, LLP

Dated: May 29, 2007

By: _____
Dickerson M. Downing (DD4120)
CROWELL & MORING, LLP
153 East 53rd Street
31st Floor
New York, NY 10022
(212) 223-4000
ddowning@crowell.com

*Attorney for Plaintiff*
*E.I. du Pont de Nemours and Company*